# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Hollis J. Larson,                                        Case No. 13-cv-1074 (JRT/DJF)

       Plaintiff,

v.                                                                    **ORDER**

The Minnesota Sex Offender Program, et al.,

       Defendants.

---

On October 20, 2022, the Court granted Plaintiff Hollis J. Larson, a client of the Minnesota Sex Offender Program ("MSOP"), leave to file an amended complaint. (ECF No. 29.) In the same Order, the Court deferred ruling on Mr. Larson's Motion to Appoint Counsel (ECF No. 20) until after his deadline to file an amended complaint. (ECF No. 29.)

Mr. Larson timely filed an amended complaint on November 10, 2022 ("Amended Complaint") (ECF No. 30). Upon review of Mr. Larson's Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court concludes that he has alleged a colorable basis for relief. Accordingly, the Court grants Mr. Larson's application to proceed *in forma pauperis* ("IFP") (ECF No. 2) and directs that service of process be effected consistent with 28 U.S.C. § 1915(d). The fact that the Court grants Mr. Larson's IFP application, however, does not preclude Defendants from raising any argument regarding the adequacy of his pleading.

The Court now also addresses Mr. Larson's Motion to Appoint Counsel (ECF No. 20).[1] "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."

---

[1] Mr. Larson's Amended Complaint also includes additional argument regarding why the Court should appoint counsel in this matter, discussed below. (*See* ECF No. 30 at 48-49.)

1

*Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).  "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Id.*

As a threshold matter, the Court notes that Mr. Larson is a very frequent and experienced litigator in this District.  Although the Court has no reason to disbelieve Mr. Larson's account that medical problems interfere with his ability to concentrate and focus, this has not hindered Mr. Larson from actively and fully participating in his prior lawsuits, including recently.  Indeed, Mr. Larson's motion for appointment of counsel and supporting memorandum (ECF No. 22), which are well-argued and replete with relevant citations, bely his argument that he is incapable of prosecuting this matter without assistance from an attorney.  Mr. Larson has proven himself better able to argue on his own behalf than the typical unrepresented litigant.

Mr. Larson counters that although he has brought many lawsuits in the past, his history as a litigator, if anything, demonstrates that assistance of counsel is necessary, since his lawsuits have never been successful.  (*See* ECF No. 30 at 48-49.)  But dismissal alone does not mean that Mr. Larson has proven *incapable* of presenting his claims for relief.  A case may be litigated by the most experienced counsel available and yet subject to dismissal on the merits.  And if anything, Mr. Larson causes himself problems in his lawsuits by *litigating too much*—filing too many complaints and raising too many claims against too many defendants, thus burying any wheat beneath a pile of chaff.  *See Larson v. Bogenholm*, No. 19-CV-2811 (WMW/DTS), 2020 WL 7364440, at *1 (D. Minn. Sept. 9, 2020); *Larson v. Goodman*, No. 09-CV-3600 (PAM/AJB), 2010 WL 4568042, at *10 (D. Minn. Sept. 28, 2010) (noting that Mr. Larson's pleading "thoroughly succeeds in its ability to harass Defendants with what are nothing more than frivolous

2

claims."). This is not a problem that appointment of counsel would likely fix to Mr. Larson's satisfaction.

The ability of the unrepresented party to present his or her claims is only one the factors taken into account when considering whether appointment of counsel is necessary. The Court also considers the complexity of the case, the existence of conflicting testimony, and the litigant's ability to investigate. *See Stevens*, 146 F.3d at 546. None of these other factors necessitates appointment. Mr. Larson's Amended Complaint is long, but his claims are not complex. No testimony has been developed. And each of the events at issue occurred within the MSOP, such that procuring discovery materials—if necessary—should not prove unduly difficult for Larson. The Court therefore denies his motion to appoint counsel.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  Plaintiff Hollis J. Larson's application to proceed *in forma pauperis* of (ECF No. [2]) is **GRANTED**.

2.  Mr. Larson must submit a properly completed Marshal Service Form (Form USM-285) for each Defendant. If Mr. Larson does not complete and return the Marshal Service Forms within **30 days** of this order, the Court will recommend that this matter be dismissed without prejudice for failure to prosecute. The Court will provide Marshal Service Forms to Mr. Larson.

3.  Upon return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from each of the Defendants in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4.      If a Defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within **30 days** of the date that the waiver is mailed, the Court will impose upon that Defendant the expenses later incurred in effecting service of process.  Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.  *See* Fed. R. Civ. P. 4(d)(2).

5.      The U.S. Marshals Service is directed to effect service of process on each of the Defendants in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6.      Mr. Larson's motion for appointment of counsel (ECF No. 20) is **DENIED**.

Dated: December 1, 2022                          *s/ Dulce J. Foster*
                                                 DULCE J. FOSTER
                                                 United States Magistrate Judge

4