UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HOLLIS J. LARSON,<br><br>Plaintiff,<br><br>v.<br><br>THE MINNESOTA SEX OFFENDER PROGRAM et al.,<br><br>Defendants. | Civil. No. 13-1074 (JRT/DJF)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |

Hollis J. Larson, MSOP, 1111 Highway 73, Moose Lake, MN 55767, *pro se* plaintiff.

Plaintiff Hollis J. Larson sued the Minnesota Sex Offender Program alleging various forms of maltreatment. Larson requested the appointment of counsel, and a magistrate judge denied the request. Larson seeks to appeal the denial directly to the Eighth Circuit Court of Appeals and has requested permission from the Court to do so *in forma pauperis* ("IFP"). Because an appeal directly to the Eighth Circuit cannot be taken on a nondispositive matter such as the Magistrate Judge Order, the Court must deny the request for IFP status.

## BACKGROUND

Plaintiff Hollis J. Larson is civilly committed under the Minnesota Sex Offender Program ("MSOP"). Pursuant to 42 U.S.C. § 1983, Larson is suing the MSOP and its staff for various forms of maltreatment at the facility. (*See* Compl. at 3, 42–46, May 6, 2013,

Docket No. 1.)  Larsons's case was stayed pending the disposition of *Karsjens v. Minnesota Department of Human Services et al.*, No. 11-3659, because Larson was part of the class represented in that case.[1]  After the final decision in *Karsjens v. Harpstead*, No. 11-3659, 2022 WL 542467 (D. Minn. Feb. 23, 2022), Larson noticed his intent to prosecute his claims.  (Notice of Intent to Prosecute, July 13, 2022, Docket No. 19.)  The stay was lifted on October 3, 2022. (Order Lifting Stay at 24–25, Oct. 3, 2022, Docket No. 24.)  Larson moved for the appointment of counsel.  (Mot. Appoint Counsel, July 13, 2022, Docket No. 20.)

Magistrate Judge Dulce J. Foster determined that Larson's Amended Complaint alleges a colorable basis for relief and granted Larson's application to proceed *in forma pauperis* in the District Court action.  (*See* Order Den. Appointment of Counsel at 3, Dec. 1, 2022, Docket No. 32.)  In the same order, the Magistrate Judge denied Larson's Motion to Appoint Counsel.  (*Id.* at 4.)  Larson has appealed the denial of appointment of counsel to the Eighth Circuit and requests this Court to grant permission to proceed *in forma pauperis* on appeal.  (Mot. Appeal In Forma Pauperis, Dec. 15, 2022, Docket No. 42.)  The Court will therefore consider his present application for IFP status.

### DISCUSSION

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  The *in forma pauperis*

---

[1] (*See* Am. Order at 13, May 17, 2013, Docket No. 7; 2nd Am. Order at 20–21, Oct. 27, 2014, Docket No. 11; 3rd Am. Order at 23, Aug. 20, 2015, Docket No. 12; 4th Am. Order at 31, June 30, 2017, Docket No. 13; 5th Am. Order at 24–25, Dec. 20, 2018, Docket No. 16.)

statute has been applied to prisoner and non-prisoner cases alike. *See Nichole K. v. Commissioner of Social Security*, No. 19-1662, 2019 WL 3037087, at *1, n.1 (D. Minn. July 11, 2019). To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

A party that seeks to proceed *in forma pauperis* on appeal must file a motion in district court. Fed. R. App. P. 24(a)(1). The "prior approval" clause allows a party that was permitted to proceed *in forma pauperis* in the district court action to proceed *in forma pauperis* on appeal without further authorization. Fed. R. App. P. 24(a)(3). However, Larson may not proceed *in forma pauperis* if the Court determines his "appeal is not taken in good faith." Fed. R. App. P. 24; 28 U.S.C. § 1915(a)(3).

An appeal is taken in good faith when the party seeking review presents objectively nonfrivolous issues. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Claims that lack an arguable basis in either law or fact are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court determines that Larson's appeal is legally frivolous because the Magistrate Judge's order may not be appealed directly to the Eighth Circuit Court of Appeals.

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act. 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.1(a)(2). However, a magistrate judge's decision pursuant to § 636 is not a final order and initial review rests with the district court, unless the parties have "explicitly and unambiguously

consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c)." *LeGear v. Thalacker*, 46 F.3d 36, 37 (8th Cir. 1995). Both the Federal Rules of Civil Procedure and this district's local rules address how an order of a magistrate judge may be challenged if consent has not been given. *See* Fed. R. Civ. P. 72; D. Minn. LR 72.2(a). Denial of appointment of counsel is a nondispositive matter, which must be appealed within 14 days after being served with a copy **to the district judge** assigned to the case. *See Hollie v. Essentia Health Moose Lake Clinic*, No. 22-314, 2022 WL 2817107, at *1 (D. Minn. July 19, 2022) (finding that a ruling on a motion for the appointment of counsel is nondispositive); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(1). Therefore, the proper course is for Larson to appeal the Magistrate Judge's order to this Court, **not** to the Eighth Circuit.

Since the appeal is legally frivolous, it cannot be considered in good faith. *See Slangal v. Cassel*, 962 F. Supp. 1214, 1216–17 (D. Neb. 1997) (finding an action legally frivolous in part because there was no plausible jurisdiction). Accordingly, the Court must deny Larson's IFP application. The Court encourages Larson to appeal the Magistrate Judge's Order to this Court if he seeks review of the denial of his motion for appointment of counsel.[2]

---

[2] Though technically the deadline for such an objection is fourteen days after the filing of the Magistrate Judge's order, and has passed, the Court will consider any future objection filed by Larson on this matter timely if it is received by the Court within fourteen days of the date of this Order, because Larson attempted to appeal this matter within the fourteen-day deadline. Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(1).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Larson's Application for Leave to Proceed In Forma Pauperis on Appeal [Docket No. 42] is **DENIED**.

DATED: January 19, 2023
at Minneapolis, Minnesota.

                                                   JOHN R. TUNHEIM
                                         United States District Judge