UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| HOLLIS J. LARSON, | |
| Plaintiff, | Civil No. 13-1074 (JRT/DJF) |
| v. | |
| THE MINNESOTA SEX OFFENDER PROGRAM et al., | MEMORANDUM OPINION AND ORDER AFFIRMING ORDER DENYING APPOINTMENT OF COUNSEL |
| Defendants. | |

---

Hollis J. Larson, MSOP, 1111 Highway 73, Moose Lake, MN 55767, a pro se Plaintiff.

Benjamin C. Johnson, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55401, for Defendants

Hollis J. Larson is currently a patient in the Minnesota Sex Offender Program ("MSOP"). On May 6, 2013, he filed this action against the MSOP and various employees alleging violations of his civil rights. The Magistrate Judge denied a motion for the appointment of counsel by Larson. Larson now appeals the Magistrate Judge's order. Because the Magistrate Judge did not clearly err in determining that Larson was capable of adequately representing himself, the Court will affirm the order.

## BACKGROUND

Larson originally filed his complaint against the MSOP on May 6, 2013, alleging various forms of mistreatment and civil rights violations. (*See generally* Compl., May 6,

2013, Docket No. 1.) The case was stayed pending the disposition of *Karsjens v. Minnesota Department of Human Services et al.*, No. 11-3659, because Larson was part of the class represented in that case.[1] After the resolution in *Karsjens,* and in anticipation of the stay being lifted, Larson expressed his intent to prosecute his claims further. (Order, June 29, 2022, Docket No. 18; Notice of Intent to Prosecute, July 13, 2022, Docket No. 19.) He concurrently filed a motion for appointment of counsel. (Mot. Appointment of Counsel, July 13, 2022, Docket No. 20.) After the stay was lifted on October 3, 2022, Larson filed an amended complaint on November 10, 2022. (Order Lifting Stay, Oct. 3, 2022, Docket No. 24; Am. Compl., Nov. 10, 2022, Docket No. 30.)

Magistrate Judge Dulce J. Foster issued an order denying Larson's motion to appoint counsel. (Order Den. Appointment of Counsel at 4, Dec. 1, 2022, Docket No. 32.) Larson attempted to appeal the denial of appointment of counsel directly to the Eighth Circuit and filed a motion to proceed on appeal *in forma pauperis* ("IFP"). (Notice of Appeal, Dec. 15, 2022, Docket No. 40; Notice of Motion to Proceed IFP on Appeal, Dec. 15, 2022, Docket No. 42.) The Court denied the motion to proceed with IFP status on January 19, 2023, because Larson must first appeal to the district court. (Mem. Op. Order Den. IFP on Appeal, Jan. 19, 2023, Docket No. 49.) The Eighth Circuit likewise dismissed his appeal for lack of jurisdiction. (Judgment, Feb. 8, 2023, Docket No. 81.) Larson

---

[1] (*See* Am. Order at 13, May 17, 2013, Docket No. 7; 2nd Am. Order at 20–21, Oct. 27, 2014, Docket No. 11; 3rd Am. Order at 23, Aug. 20, 2015, Docket No. 12; 4th Am. Order at 31, June 30, 2017, Docket No. 13; 5th Am. Order at 24–25, Dec. 20, 2018, Docket No. 16.)

properly appealed the Magistrate Judge's order denying his motion to appoint counsel to the District Court.[2] (Obj., Jan. 30, 2022, Docket No. 74.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

Magistrate judges may hear and determine certain pretrial matters under the Federal Magistrate Judges Act.  28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.1(a)(2). However, a magistrate judge's decision pursuant to § 636 is not a final order and initial review rests with the district court.  *LeGear v. Thalacker*, 46 F.3d 36, 37 (8th Cir. 1995) (citing *Gleason v. Sec'y of Health & Hum. Servs.*, 777 F.2d 1324, 1324 (8th Cir. 1985)).  The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential.  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).  The Court will reverse such an order only if it is clearly erroneous or contrary to law.  *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

---

[2] In his appeal, Larson argues that the Court erroneously found that the Magistrate Judge's denial of appointment of counsel could not be directly appealed to the Eighth Circuit.  As that argument was addressed in the Court's previous order, it will not be addressed again here. (*See* Mem. Op. Order Den. IFP on Appeal at 4.)

"A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks omitted).

## II. ANALYSIS

Denial of appointment of counsel is a nondispositive matter, which must be appealed to the district judge assigned to the case. *See Hollie v. Essentia Health Moose Lake Clinic*, No. 22-314, 2022 WL 2817107, at *1 (D. Minn. July 19, 2022); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). The district court will overturn a decision to deny counsel only if it is clearly erroneous or contrary to law. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

No constitutional or statutory right to counsel exists in civil proceedings. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Id.*

The Magistrate Judge considered all the factors relevant to appointment of counsel. (Order Den. Appointment of Counsel at 1–2.) The Magistrate Judge first looked at Larson's frequent interactions with the court. (*Id.* at 2.) Citing specifically the motion to appoint counsel, the Magistrate Judge found that Larson is "better able to argue on his

-4-

own behalf than the typical unrepresented litigant."[3] (*Id.*)  Larson argues that his track record before the Court proves that he is incapable of adequately representing himself. (Obj. at 6.)  But what matters is the ability to adequately present one's claims, not the likelihood of success.  *See Stevens,* 146 F.3d at 546 (affirming denial of appointment of counsel where the pro se litigant adequately presented his claims, albeit unsuccessfully).

Larson argues that the Magistrate Judge did not sufficiently consider his mental disabilities.  (Obj. at 6.)  The Court acknowledges Larson's post-traumatic stress disorder diagnosis and that he claims to have difficulty thinking, understanding, remembering, processing, and expressing himself.  (*Id*.)  But the Magistrate Judge explicitly addressed these concerns, stating that while those medical problems may pose some difficulties, they have not stopped Larson from participating fully in previous litigation.  (Order Den. Appointment of Counsel at 2.)  The Court agrees.

Larson argues he is unlikely to succeed in future stages of litigation because they generally require a higher level of expertise than filing a complaint.  But the Magistrate Judge considered the complexity of the case and reasonably concluded that although Larson's complaint is long, it does not present particularly complex issues.  (*Id.* at 3.)  The Magistrate Judge noted that no testimony has been developed yet and that Larson can reasonably procure discovery if necessary because each of the issues occurred at the

---

[3] All the motions Larson has filed with the Court meet the description the Magistrate Judge gave: "well-argued and replete with relevant citations."  (Order Deny. Appointment of Counsel at 2.)

MSOP, where Larson is currently located. (*Id.*) In fact, Larson acknowledges that he can get access to information and documents at the MSOP, with some limiting factors such as time and digital accessibility. (Obj. at 7.)

Based on the foregoing considerations, the Magistrate Judge's decision to deny Larson's motion for appointment of counsel was not clearly erroneous or contrary to law. The Court will therefore affirm the Magistrate Judge's order. If the situation changes in any significant manner, Larson may file a renewed motion to appoint counsel.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to Order Denying In Forma Pauperis on Appeal and Appeal of Magistrate Judge's Denial of Appointment of Counsel [Docket No. 74] is **DENIED.**

2. The Magistrate Judge's Order [Docket No. 32] is **AFFIRMED**.

DATED: May 16, 2023　　　　　　　　　　　　　　　　　　　　　*John N. Tunheim*
at Minneapolis, Minnesota.　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge